IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TRAVELERS PROPERTY AND CASUALTY
COMPANY OF AMERICA and
BALKAMP, INC.                                                                                    PLAINTIFFS

v.                                                                                                   No. 4:05CV45

CITY OF GREENWOOD FIRE
DEPARTMENT                                                                                      DEFENDANT

## ORDER

This cause comes before the court on the motion of the City of Greenwood Fire Department to dismiss, pursuant to Fed. R. Civ. P. 12. Plaintiffs Travelers Property and Casualty Company of America ("Travelers") and Balkamp, Inc. have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

On February 22, 2005, plaintiffs filed the instant action seeking contribution for workers' compensation benefits which Travelers has paid to Greenwood Fire Department Lieutenant Kendrick Perryman. Perryman is a career fireman, but he allegedly injured his back while working part-time for plaintiff Balkamp in February, 2001. Perryman has undergone two surgical procedures to treat his back problems, and, to date, Travelers has paid in excess of $15,000 in workers' compensation benefits and in excess of $170,000 in medical benefits to Perryman. During a deposition related to workers' compensation proceedings, one of Perryman's treating physicians, Dr. Capel, testified that Perryman suffers from degenerative disk disease and that his condition was the result of wear and tear occurring over the years. Dr. Capel further opined that Perryman's work at

the Greenwood Fire Department was a contributing factor to his condition. Based upon this testimony, Travelers and Belkamp filed this action seeking contribution from the Greenwood Fire Department for what plaintiffs allege to be the Fire Department's fair share of the injuries sustained by Perryman.

In seeking dismissal, defendant argues, and correctly so in this court's view, that the plaintiffs in this case assert a cause of action for contribution which has long been recognized as not existing under Mississippi law absent a joint judgment among the parties. It is undisputed that no such joint judgment exists in this case. Traditionally, Miss. Code. Ann. § 85-5-5, since repealed, gave joint tortfeasors in Mississippi a right of contribution only after a judgment had been entered which established their joint and several liability. As such, contribution among joint tortfeasors has traditionally been very limited in Mississippi, a fact which has been criticized as unfair by some commentators. *See Wilson v. Giordano Ins. Agency, Inc*., 475 So.2d 414, 419-20 (Miss. 1985)(Robertson dissenting).

With the enactment of Miss. Code Ann. § 85-5-7, there was some discussion among commentators as to whether the Mississippi Legislature had created a right of contribution among joint tortfeasors even absent a joint and several judgment against them. *See, e.g*. H. Wesley Williams, 1989 Tort "Reform" in Mississippi: Modification of Joint and Several Liability and the Adoption of Comparative Contribution, 13 Miss. C.L.Rev. 133, 155 (1992) (concluding that no substantive right of contribution absent a joint judgment was provided by § 85-5-7). In a 1999 decision, the Mississippi Supreme Court analyzed and agreed with the aforementioned law journal article and concluded that "there is no indication that § 85-5-7 alters the traditional law barring contribution absent a joint judgment." *Estate of Hunter*, 729 So.2d 1264, 1276 (Miss. 1999).

Faced with this clear authority, plaintiffs rely upon dicta originally set forth in a 1978 decision which preceded *Estate of Hunter* and the enactment of Miss. Code Ann. § 85-5-7, arguing that:

> As there is no joinder practice in workers' compensation and the Mississippi Workers' Compensation Commission is without statutory authority to apportion liability, Plaintiffs are left without any remedy other than this action by which to seek contribution and indemnification from GFD, which action has been sanctioned by the courts of Mississippi. *See Singer Co. v. Smith*, 362 So.2d 590 (Miss. 1978) and *United Methodist Senior Services v. Ice*, 749 So.2d 1227 (Miss. App. 1999).

Plaintiffs suggest that the *Singer* and *Ice* decisions "sanction" their contribution action, but it is apparent that these cases each involved rather garden variety workers' compensation actions which originated with the workers' compensation commission and proceeded through the customary appeals path in workers' compensation cases (i.e. to Circuit Court followed by appeal to a Mississippi appellate court.) As such, any reference to plaintiffs filing an actual contribution action, much less one in federal court, is purely dicta. Indeed, the Mississippi Court of Appeals emphasized in *Ice* that it had found no reported cases which actually applied the dicta in *Singer*:

> Despite the suggestion in *Singer* that the employer held solely liable might have a right to seek contribution from another employer or carrier, seeking contribution does not appear to be a common practice. At least it has not resulted in reported case law.

*Ice*, 749 So.2d at 1229. In addition, it should also be noted that the Mississippi Court of Appeals has no authority to make new law.

Moreover, a closer reading of the actual dicta in *Singer* reveals that it is more limited than plaintiffs suggest. The Supreme Court in *Singer* wrote as follows:

> [T]he Workmen's Compensation Commission is an administrative agency, not a court of law and that there is no method provided by law by which it may adjust equities between insurance companies. ... Absent statutory provisions, the resolution of contribution between successive carriers whether based on contract or equity should be resolved in an action at law or equity, apart from the workmen's compensation

3

determination.

*Singer*, 362 So.2d at 592-93. While *Singer* thus suggests that any contribution issues should be resolved in separate proceedings, the Supreme Court did not indicate that such proceedings could be brought absent a joint judgment among the parties. Indeed, the Supreme Court in *Singer* expressly stated that this dicta applied "[a]bsent statutory provisions" and, as noted previously, the Supreme Court has interpreted the subsequently enacted § 85-5-7 as providing for contribution only in cases where a joint judgment is obtained among the parties.

In their complaint, plaintiffs asserted that Miss. Code Ann. § 71-3-7 and/or § 71-3-71supported their right to bring this contribution action, but they appear to have abandoned this argument in their brief opposing dismissal. The court will therefore not address this issue, other than to note that it finds defendant's arguments in this regard to be persuasive. Defendant also argues that this action to apportion the responsibility for workers compensation benefits should have been brought, if at all, before the Mississippi Workers Compensation Commission pursuant to § 71-3-37(13). The court agrees and concludes that this is an additional factor supporting dismissal.

In the absence of authority, plaintiffs are left to make equitable arguments, which no doubt have some force. As noted previously, Mississippi's rule barring contribution absent a joint judgment has been characterized as unfair, *see Wilson*, 475 So.2d at 419-20, but the Mississippi Legislature has not seen fit to change the law in this regard to date. Indeed, the Mississippi Supreme Court in *Estate of Hunter* expressly fashioned important elements of this state's comparative fault jurisprudence (including apportionment of fault to absent tortfeasors) around the absence of a right to contribution, and it is thus apparent that, for better or worse, the absence of such a right of contribution is a firmly established part of this state's jurisprudence. Plaintiffs argue that the

aforementioned authority should not apply in the no-fault workers' compensation context, but they offer no authority indicating that such is the case. The court therefore concludes that plaintiffs have no right to seek contribution from the Greenwood Fire Department in this case.

Plaintiffs alternatively seek indemnity, but it is apparent that the complaint does not allege the sort of facts (such as one passively negligent tortfeasor being held liable for the active negligence of another) which would make indemnity appropriate. Indeed, it does not appear from the complaint that the Greenwood Fire Department committed any negligence (active or otherwise) at all, and the court sees no basis whatsoever for concluding that indemnity would be appropriate in this case.

In light of the foregoing, it is ordered that defendant's motion to dismiss [12-1] is granted.

A separate judgment will be issued this date in accordance with Fed. R. Civ. P. 58.

SO ORDERED this the 1st day of August, 2006.


    **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**